No. 25,529.

CHARLES O. HUGHES, *Appellant,* v. L. S. COOK, WALTER BERTRAND
et al., *Appellees.*

SYLLABUS BY THE COURT.

EJECTMENT—*Purchase of Real Estate—Price Paid—Possession Taken—Improvements Made—Taxes Paid—Vendee Entitled to Possession.* One who buys real property under a written contract and pays the full contract price therefor, and rightfully goes into and retains possession thereof, and makes lasting improvements and pays the taxes thereon, cannot be ousted at the suit of the grantee of his vendor.

Appeal from Miami district court; JABEZ O. RANKIN, judge. Opinion filed January 10, 1925. Affirmed.

*S. J. Shively,* of Paola, for the appellant.

*Alpheus Lane,* and *Marl V. Shawver,* both of Paola, for the appellees.

The opinion of the court was delivered by

HARVEY, J.: This is a suit for the possession of real property and for rents. It was tried to the court, who made finding of facts and rendered judgment for defendant. The plaintiff has appealed. The evidence is not before us. The court found the facts to be as follows: In August, 1910, W. F. Metsker, then the owner of a certain lot in the city of Osawatomie, executed a contract in writing to sell the lot to L. S. Cook, the payments to be made in work. Cook went into actual possession of the property under his contract of purchase, has made lasting and valuable improvements, paid the taxes thereon, and has remained in possession. He completed payment to Metsker in August, 1912, but never received a deed from Metsker. In October, 1922, the plaintiff, with actual knowledge of Cook's contract of purchase, that he was in possession of the property and had made improvements and paid the taxes thereon, bought the property from Metsker, who had moved from Osawatomie, and obtained a general warranty deed from Metsker and wife, and then brought this suit, claiming title to the lot and the right to possession and to rents by virtue of such deed.

From the above facts found, the court adjudged Cook to be the owner of the real property and that plaintiff has no right, title or interest therein.

Appellant contends that under the finding of the court, judgment should have been rendered in his favor. There is no merit in this

contention. When one purchases real property under a written contract and pays the full contract price therefor, he becomes entitled to a deed from his vendor, and when he rightfully goes into possession of the real property under his contract, and makes valuable improvements and pays taxes thereon, he cannot be ousted at the suit of a grantee of his vendor.

The judgment of the court below is affirmed.